Forrest Scott Turkish (#014601986)
Law Office of Forrest Scott Turkish
595 Broadway
Bayonne, New Jersey 07002
T: 201.338.8866
fsturkish@aol.com

Jack W. Harang (*pro hac vice pending*)
601 Poydras Street – Suite 1
New Orleans, Louisiana 70130
T: 504.810.4734
jwharang@gmail.com

Donald Creadore (*pro hac vice pending*)
Creadore Law Firm PC
450 Seventh Avenue – Suite 1408
New York, New York 10022
T: 212.355.7200
donald@creadorelawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------

JOHN A. OLAGUES,

      Plaintiff,

          v.

James Morris, Stephen Weise,
Stephen Macchiaverna, Richard Kassar,
Lawrence Coben, and
Freshpet, Inc., a Delaware Corporation,

          Defendants,

----------------------------------------------------------------

Case No.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, John A. Olagues ("**Plaintiff**"), by his undersigned counsel, asserts the following allegations as against each Defendant:

1.      This is an action for disgorgement under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "**Act**"), 15 U.S.C. § 78p(b).  Plaintiff resides at 413 Sauve Road, River Ridge, Louisiana, 70123 and, upon information and belief, defendant Freshpet maintains a place of business at 400 Plaza Drive, First Floor, Secaucus, NJ, 07094, and it is also the last known mailing address for each named individual defendant.

2.      Section 16 is the original and only express insider trading provision of the Act; and it applies to the directors and officers of any issuer of a class of publicly traded equity securities, in addition to any beneficial owner of more than ten-per-cent (10%) of any such class of securities.

3.      Whenever an issuer grants equity compensation to officers, or directors, the grants can be exempt from section 16(b) matching, if the grants satisfy an SEC Rule which exempts the grant. One way for an exemption is when the grant is approved in advance of the transaction by the Compensation Committee comprised of independent non-employee directors of the Board of Directors for the exemption to be achieved.

4.      Under Section 16(b), these "insiders" must disgorge to the issuer—herein Freshpet, Inc. ("**Issuer**")—any profits they realize from a non-exempt purchase and sale, or a non-exempt sale and purchase, of the issuer's equity securities occurring within a period of less than six months.  If an insider fails to disgorge "short-swing"

profits, the Act empowers the issuer or, alternatively, the owner of any security of the issuer, to bring suit to recover it.

5.     Liability under Section 16(b) is strict.  The profit from a short-swing transaction must be disgorged irrespective of any intention on the part of the insider in entering into such transactions.  Recovery never depends upon proof of scienter, a breach of a duty, or the actual misuse of insider information.

6.     Plaintiff is a stockholder of the Issuer.

7.     Plaintiff brings this action against certain executives of the Issuer, Freshpet namely:  James Scott Morris President and COO; Stephen Weise, EVP of Manufacturing; Stephen Macchiaverna, EVP Secretary and Treasurer; Richard Kassar, Vice Chairman; and Lawrence Coben, Director--all of whom were acting as fiduciaries at all times relevant.

8.     While subject to Section 16 of the Act, each Defendant realized short-swing profits from the grant of derivatives and the sale of the Issuer's common stock. Under Section 16b of the Act, all short-swing profits Defendants realized is now the Issuer's lawful property; accordingly, each Defendant is liable to account for and disgorge all profits.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa; by 28 U.S.C. §1331; and by 28 U.S.C. §1332, as plaintiff is

completely diverse to defendants and the amount in controversy exceeds the prevailing jurisdictional minimum.

10.    Venue in this Court is proper pursuant to Section 27 of the Act, 15 U.S.C. § 78aa, and under 18 U.S.C. § 1401.  Venue in this Court is also proper since, upon information and belief, the Issuer transacts substantial business in this District; the Issuer could have sued Defendants in this District; and each of the transactions described in this Complaint was completed in whole or in part in this District.

## **THE PARTIES**

12.    Plaintiff John A. Olagues is a natural person and a resident of the State of Louisiana.  Plaintiff has been a stockholder of the Issuer since June 2, 2022.

13.    Upon information and belief, Defendant Freshet Inc. ("**Freshpet**") is duly organized under the laws of the State of Delaware with a principal place of business situated in this District, in Secaucus, New Jersey.  In addition to causes of action asserted against Freshpet Inc., Plaintiff bring this action in the right and for the benefit of the Issuer.

14.    Upon information and belief, Defendant James Scott Morris ("Morris") is a natural person and is a resident of the State of New Jersey.  Morris is the President of Freshpet.

15.    Upon information and belief, Defendant Stephen Weise ("Weise") is a natural person and is a resident of the State of New Jersey. Weise is an EVP of Freshpet.

4

16.     Upon information and belief, Defendant Stephen Macchiaverna ("Maccchiaverna") is a natural person and is a resident of the State of New Jersey.  Macchiaverna is an EVP, Secretary and Treasurer of Freshpet.

17.     Upon information and belief, Defendant Richard Kassar ("Kassar") is a natural person and is a resident of the State of New Jersey.  Kassar is the CFO of Freshpet,

18. Upon information and belief, Defendant Lawrence Coben ("Coben") is a natural person and is a resident of the State of New Jersey.  Mr Cohen is a Director of Freshpet.

## Background Facts

19.     Upon information and belief, the Issuer is an US-based pet food company. According to its Wikipedia entry, its cat food and dog food products are marketed as fresh and need to be kept refrigerated.  Freshpet is listed on the Nasdaq exchange with the ticker symbol FRPT.

## The Employee Stock Options granted to James Scott Morris

20.     On December 23, 2020, Issuer granted 30,811 employee-stock-options ("**ESOs**") to James Scott Morris, President, when the stock closed at $142.79.  Morris then sold[D1]  Freshpet shares in the market, less than 6 months from the grants, for prices [D2]ranging from $162.04 to $184.22, realizing $979,854 in profits.

21.     On April 1, 2020, Issuer granted 11,560 ESOs to James Scott Morris, when the stock closed at $63.87.  On August 7, 2020, Morris sold 6,000 common shares of Freshpet in the market, less than six months from the grants, for prices ranging from $103.17 to 1.25, realizing a profit of $487,732.00.  In total, Morris has realized profits of $1,467,586, in violation of Rule 16b.

## The Employee Stock Options granted to Stephen Weise

22.     On December 23, 2020, Issuer granted 22,500 ESOs to Stephen Weise when the stock closed at $142.79.  Less than six months from the grants, on December 23, 2020, Weise sold stock shares in the market, including on August 6, 2020, for prices ranging from $158.84 to $172.73, realizing $534,945.00 in profits.

23.     On April 1, 2020, Issuer granted 4,931 ESOs to Stephen Weise, when the stock closed at $63.87.  Less than six months from the grant, on August 6, 2020, Weise sold 4,931 stock shares for $101.73 per share, realizing $186,687.00 in profits. Defendant Weise's total recoverable profits are $721,632.00.

## The Employee Stock Options granted to Stephen Macchiaverna

24.     On April 1, 2020 and March 14, 2022, Issuer granted 2,192 common stock to Stephen Macchiaverna when the stock closed at $63.87 and, less than six months from the grant, on August 24,2020, he sold in the market 2,192 stock shares for $114.00 per share, realizing a profit of $109,884.00.

25.     On March 14, 2022, Issuer granted Macchiaverna 1,718 common shares of Freshpet when the stock was traded at $84.36 and, less than six

months from the grant, he sold these 1,718 shares for $134.90 per share, on September 15, 2021, realizing a profit of $86,827.  These 2 transactions, in the aggregate, represent recoverable profits totaling $196,711.

## The Employee Stock Options granted to Richard Kassar

26.     On April 1, 2020, Issuer granted 8,219 ESOs to Richard Kasser when the stock closed at $63.87 and, less than six months from the grant, he sold 8,219 shares for a price of $112.08, on August 28, 2020, realizing a recoverable profit of $396,238.00.

## The Restricted Stock Units granted to Lawrence Coben

27.     On April 1. 2020, Issuer granted 1,096 restricted-stock-units ("**RSUs**") to Lawrence Coben when the stock closed at $59.67 and, less than six months from the grant, he sold 1,096 shares of Freshpet, on September 15, 2020, for a price of $110.90 each share, realizing a profit of $56,148.00.

## <u>Morris Demand Letter</u>

28.     Upon information and belief, despite demands duly made upon Issuer, the Issuer has not sought to recover the above-described profits realized by a certain identified officers or directors of Freshpet and, accordingly, Plaintiff duly delivered a 60-day demand letter seeking recovery of profits from Section 16(b) violations to James Scott Morris, on December 8, 2021.  A second demand letter was sent to Morris on June 5, 2022.

29.    More than 60 days has passed and, despite demands duly made upon Issuer, the Issuer has not made a request for recovery of the profits and, therefore, Plaintiff is constrained to submit this matter to this court.

## Weise Demand Letter

31.    On June 5, 2022, Plaintiff Olagues sent a letter to the Issuer demanding it seek to recover from EVP Weise profits he had realized allegedly in violation of Section 16(b) of the Act.

32.    More than 60 days has passed and, despite demands duly made upon Issuer, the Issuer has not made a request for recovery of the profits and, therefore, Plaintiff is constrained to submit this matter to this court.

## Macchiaverna Demand Letter

34.    On June 5, 2022, Plaintiff Olagues sent a letter to the Issuer demanding it seek to recover from EVP Macchiaverna profits he had realized allegedly in violation of Section 16(b) of the Act.

35.    More than 60 days has passed and, despite demands duly made upon Issuer, the Issuer has not made a request for recovery of the profits and, therefore, Plaintiff is constrained to submit this matter to this court.

## Kassar Demand Letter

36. On June 5, 2022, Plaintiff Olagues sent a letter to the Issuer demanding it seek to recover from Kassar profits he had realized allegedly in violation of Section 16(b) of the Act.

37.    More than 60 days has passed and, despite demands duly made upon Issuer, the Issuer has not made a request for recovery of the profits and, therefore, Plaintiff is constrained to submit this matter to this court.

**Coben Demand Letter**

38.    On June 5, 2022, Plaintiff Olagues sent a letter to the Issuer demanding it seek to recover from Coben profits he had realized allegedly in violation of Section 16(b) of the Act.

37.    More than 60 days has passed and, despite demands duly made upon Issuer, the Issuer has not made a request for recovery of the profits and, therefore, Plaintiff is constrained to submit this matter to this court.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST JAMES MORRIS DISGORGEMENT UNDER 15 U.S.C. s 78P(B)b

38.    Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

39.    Section 16(b) of the Act, provides, in pertinent part:

> For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial
> owner director, or officer by reason of his [her] relationship to the issuer, any profit realized by him [her] from any purchase and sale, and any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within a period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on

the part of the beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date of such profit was realized.

40.    At all times relevant, the options belonging to Defendant Morris, an officer, are subject to Section 16 of the Act.

41.    Under Section 16(b) of the Act, the profits realized by Morris described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiff in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST STEPHEN WEISE
## DISGORGEMENT UNDER 15 U.S.C. s 78P(B)b

42.    Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

43.    At all times relevant, the options belonging to Defendant Weise, an officer, are subject to Section 16 of the Act.

44.    Under Section 16(b) of the Act, the profit realized by Weise described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiff

in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST STEPHEN MACCIAVERNA DISGORGEMENT UNDER 15 U.S.C. s 78P(B)b

45.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

46.     At all times relevant, the common stock belonging to Defendant Macchiaverna, an officer, are subject to Section 16 of the Act.

47.     Under Section 16(b) of the Act, the profit realized by Macchiaverna described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiff in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST RICHARD KASSAR DISGORGEMENT UNDER 15 U.S.C. s 78P(B)b

48.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

49.     At all times relevant, the options belonging to Defendant Kassar an officer, are subject to Section 16 of the Act.

50.     Under Section 16(b) of the Act, the profit realized by Kassar described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiff in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT COBEN
## DISGORGEMENT UNDER 15 U.S.C. s 78P(B)b

51.    Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

52.    At all times relevant, the RSUs belonging to Defendant Coben, an officer, are subject to Section 16 of the Act.

53.    Under Section 16(b) of the Act, the profit realized by Coben described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiff in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A CAUSE OF SECOND ACTION
## AGAINST DEFENDANT MORRIS
## BREACH OF FIDUCIARY DUTY

54.    Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

55.     At all times relevant, Morris has a fiduciary duty not to engage in transactions or secure benefits that harm the interests and property rights of shareholders or violates Rule 16(b) of the Act.

56.       It is presumed that Morris knew or should have known that his transaction violated Rule 16(b) of the Act, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiff.

57.     Morris's inaction following receipt of the Morris Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT WEISE
## BREACH OF FIDUCIARY DUTY

58.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

59.     At all times relevant, Weise has a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders, or violates Rule 16(b) of the Act.

60.     It is presumed that, on August 6, 2020, Weise knew or should have known that the transaction violated Rule 16(b) of the Act, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiff.

61.     Weise's inaction following receipt of the Weise Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT MACCHIAVERNA
## BREACH OF FIDUCIARY DUTY

62.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

63.     At all times relevant, Macchiaverna has a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders, violates Rule 16(b) of the Act.

64.     It is presumed that Macchiaverna, on April 1, 2020, and again, on March 14, 2022, knew or should have known that the transaction violated Rule 16(b) of the Act, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiff.

65.     Macchiaverna's inaction following receipt of the Macchiaverna Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT KASSAR
## FOR BREACH OF FIDUCIARY DUTY

66.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

67.     At all times relevant, Kassar has a fiduciary duty not to engage in transactions that violate the interests and property rights of shareholders or violates Rule 16(b) of the Act.

68.     It is presumed that on August 28, 2020, Kassar knew or should have known that the transaction violated Rule 16(b) of the Act but, proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiff.

69.     Kassar's inaction following receipt of the Kassar Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT COBEN
## FOR BREACH OF FIDUCIARY DUTY

70.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

71.     At all times relevant, Coben has a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders or may violate Rule 16(b) of the Act.

72.     It is presumed that, on September 15, 2020, Coben knew or should have known that the transaction violated Rule 16(b) of the Act, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT MORRIS
### UNJUST ENRICHMENT

73.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

74.     The foregoing facts establish that Defendant Morris enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

75.     The foregoing facts establish that Defendant Morris enriched himself at the expense of Freshpet and its shareholders, including Plaintiff.

76.     At all times relevant, a fiduciary relationship existed by and between Morris and Freshpet's shareholders, including Plaintiff.

77.     There is no justification for Morris approving and engaging in a short-swing transaction in violation of the Act.

78.     There is no remedy at law, and jurisdiction in equity exists.

79.     Accordingly, Plaintiff respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

80.     Plaintiff seeks an award of damages to be determined at trial, but not in an amount less than $1,467,586.00.

16

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT WEISE
### <u>UNJUST ENRICHMENT</u>

81.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

82.     The foregoing facts establish that Defendant Weise enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

83.      The foregoing facts establish that Defendant Weise enriched himself at the expense of Freshpet and its shareholders, including Plaintiff.

84.     At all times relevant, a fiduciary relationship existed by and between Weise and Freshpet's shareholders, including Plaintiff.

85.     There is no justification for Weise approving and engaging in a short-swing transaction in violation of the Act.

86.      There is no remedy at law, and jurisdiction in equity exists.

87.     Accordingly, Plaintiff respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

Plaintiff seeks an award of damages to be determined at trial, but not in an amount less than $721,632.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT MACCHIAVERNA
## <u>UNJUST ENRICHMENT</u>

88.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

89.     The foregoing facts establish that Defendant Macchiaverna enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

90.     The foregoing facts establish that Defendant Macchiaverna enriched himself at the expense of Freshpet and its shareholders, including Plaintiff.

91.     At all times relevant, a fiduciary relationship existed by and between Macchiaverna and Freshpet's shareholders, including Plaintiff.

92.     There is no justification for Macchiaverna approving and engaging in a short-swing transaction in violation of the Act.

93.     There is no remedy at law, and jurisdiction in equity exists.

94.     Accordingly, Plaintiff respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

Plaintiff seeks an award of damages to be determined at trial, but not in an amount less than $196,711.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT KASSAR
## <u>UNJUST ENRICHMENT</u>

95.     Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

96.     The foregoing facts establish that Defendant Kassar enriched herself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

97.      The foregoing facts establish that Defendant Kassar enriched herself at the expense of Freshpet and its shareholders, including Plaintiff.

98.     At all times relevant, a fiduciary relationship existed by and between Kassar and Freshpet's shareholders, including Plaintiff.

99.     There is no justification for Kassar approving and engaging in a short-swing transaction in violation of the Act.

100.    There is no remedy at law, and jurisdiction in equity exists.

101.    Accordingly, Plaintiff respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

102.    Plaintiff seeks an award of damages to be determined at trial, but not in an amount less than $396,238.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT COBEN
## <u>UNJUST ENRICHMENT</u>

103.   Plaintiff repeats and re-alleges each and every prior allegation as if fully set forth here.

104.   The foregoing facts establish that Defendant Coben enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

105.   The foregoing facts establish that Defendant Coben enriched himself at the expense of Freshpet and its shareholders, including Plaintiff.

106.   At all times relevant, a fiduciary relationship existed by and between Coben and Freshpet's shareholders, including Plaintiff.

107.   There is no justification for Coben approving and engaging in a short-swing transaction in violation of the Act.

108.   There is no remedy at law, and jurisdiction in equity exists.

109.   Accordingly, Plaintiff respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

110.   Plaintiff seeks an award of damages to be determined at trial, but not in an amount less than $56,148.00.

111.   Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

W H E R E F O R E, Plaintiff demands judgment as follows:

(i) Against Defendant James Scott Morris on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less than $1,467,586.00, in addition to pre- and post-judgment interest and the costs of this suit;

(ii) Against James Scott Morris on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiff-shareholders, requiring Defendant Morris to account for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $1,467,586.00, in addition to pre- and post-judgment interest and the costs of this suit;

(iii) Against James Scott Morris on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $1,467,586.00, in addition to pre- and post-judgment interest and the costs of this suit;

(iv) Against Defendant Stephen Weise on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less than $721,632.00, in addition to pre- and post-judgment interest and the costs of this suit;

(v) Against Stephen Weise on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiff-shareholders, requiring Defendant Weise to account

for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $721,632.00, in addition to pre- and post-judgment interest and the costs of this suit;

(vi) Against Stephen Weise on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $721,632.00, in addition to pre- and post-judgment interest and the costs of this suit;

(vii) Against Defendant Richard Kassar on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by her in violation of Section 16(b) of the Act in an amount not less than $396,238.00, in addition to pre- and post-judgment interest and the costs of this suit;

(viii) Against Richard Kassar on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiff-shareholders, requiring Defendant Kassar to account for and to pay over to the Issuer the short-swing profit realized and retained by her in an amount not less than $396,238.00, in addition to pre- and post-judgment interest and the costs of this suit;

(ix) Against Richard Kassar on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $396,238.00, in addition to pre- and post-judgment interest and the costs of this suit;

(x) Against Defendant Stephen Macchiaverna on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less

than $196,811.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xi) Against Stephen Macchiaverna on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiff-shareholders, requiring Defendant Macchiaverna to account for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $196,711.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xii) Against Stephen Macchiaverna on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $196,711.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xiii) Against Defendant Lawrence Coben on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less than $56,148.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xiv) Against Lawrence Coben on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiff-shareholders, requiring Defendant Coben to account for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $56,148.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xv) Against Lawrence Coben on the THIRD CAUSE OF ACTION for unjust
enrichment in an amount not less than $56,148.00, in addition to pre- and
post-judgment interest and the costs of this suit;

(xvi)   Awarding Plaintiff all costs, disbursements, and reasonable attorneys'
fees; and

(xvii)    Awarding Plaintiff such further relief as the Court deems just and
proper.

## JURY DEMAND

Plaintiff hereby demands Trial by Jury on all issues raised herein.

Dated:        August 7, 2022
              Jefferson Parrish, Louisiana

*Local Attorney for Plaintiff*

Law Office of Forrest Scott Turkish
595 Broadway
Bayonne, New Jersey 07002
T: 201.338.8866
fsturkish@aol.com

By:_____
    Forrest Scott Turkish (#014601986)

*Lead Attorneys for Plaintiff*

Jack W. Harang (*pro hac vice pending*)
601 Poydras Street – Suite 1
New Orleans, Louisiana 70130
T: 504.810.4734
jwharang@gmail.com

By:   /s/ Jack W. Harang
         Jack W. Harang

Creadore Law Firm PC (*pro hac vice pending*)
450 Seventh Avenue – Suite 1408
New York, NY 10123
Tel:    212.355.7200
Fax:    212.583.0412
donald@creadorelawfirm.com

By:___/s/ Donald Creadore_____
        Donald E. Creadore (NYS-2090702)

25